IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GUSTAVO ALMAGUER | § | |
| VS. | § | CIVIL ACTION NO. 6:94cv720 |
| MRS. ALONSO, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Gustavo Almaguer, an inmate previously confined in the Cameron County Jail, proceeding *pro se* and *in forma pauperis* brings this civil rights action pursuant to 42 U.S.C. § 1983 against Nurse Alonso, Nurse Mirna, Lt. Canul and Joe Elizardi, all employees at the Cameron County Jail.

The above-styled action was referred to the magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Discussion

Plaintiff filed this complaint on September 12, 1994. Plaintiff asserts he received deliberately indifferent medical care from the defendants while he was confined in the Cameron County Jail in 1993. The action occurred and the defendants reside in the Brownsville Division of the Southern District of Texas.

There is no specific venue provision contained in the Civil Rights Act, 42 U.S.C. § 1981, *et seq.*, under which this action was brought. Therefore, venue in civil rights cases is controlled by 28

1

U.S.C. § 1391. *Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973). In addition, 28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Venue, therefore is proper in the Southern District of Texas.

### Recommendation

This action should be transferred to the Southern District of Texas, Brownsville Division.

### Objections

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 240, 248 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

SIGNED this _17_ day of _October_, 1994.

ROBERT W. FAULKNER
UNITED STATES MAGISTRATE JUDGE

2