UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

MAR 3 1995

MICHAEL N. MILBY, CLERK

| | | |
|---|---|---|
| GUSTAVO ALMAGUER | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CASE NO. B-94-328-4 |
| | § | |
| PAULINE ALONSO, RN, | § | |
| MIRNA UNIDENTIFIED, RN, | § | |
| UNIDENTIFIED CANUL, LT., AND | § | |
| JOE ELIZARDI, | § | |
| Defendants | § | |

## ORIGINAL ANSWER OF JOE ELIZARDI

TO THE HONORABLE JUDGE OF SAID COURT:

Joe Elizardi (hereafter Elizardi) files this his Answer to Plaintiff's Complaint and would show as follows:

### FIRST DEFENSE

1.  Elizardi admits to the following of Section V., Statement of Claim of Plaintiff's Complaint: (a) that Elizardi visited Plaintiff in cell block 2CL, (b) that Plaintiff told Elizardi about his cast, (c) that Plaintiff was taken to the County Jail Infirmary the next day, and (d) that the cast was removed.

### SECOND DEFENSE

2.  Elizardi denies the following of Section V., Statement of Claim of Plaintiff's Complaint: (a) that the medical staff ignored Plaintiff's complaints about the pain in his wrist and that the cast was too tight, (b) that the medical staff did not want to take Plaintiff to the hospital to take

Original Answer of Joe Elizardi - Pg. 1

the cast off, (c) that the medical staff ignored Plaintiff's sick call slips and requests to take the cast off, (d) that Elizardi ignored request slips from Plaintiff after trying to get the cast off for a month and a half, (e) that Plaintiff was threatened to be sent to lock-up solitary, and (f) that Plaintiff was forced to make what officers call (TALACHA), which is sweeping, mopping, and scrubbing of toilets and showers.

### THIRD DEFENSE

3.  Elizardi is without sufficient knowledge or information to admit or deny the balance of Section V., Statement of Claim of Plaintiff's Complaint.

### FOURTH DEFENSE

4.  Elizardi denies the Prayer.

### FIFTH DEFENSE

5.  Any allegation made within any part of the Plaintiff's Complaint not otherwise specifically responded to is specifically or generally denied. Defendant still urges and relies on matters alleged without waving any other matter asserted herein further alleges as affirmative defenses the following:

### SIXTH DEFENSE

6.  Plaintiff's rights, privileges, and immunity secured under the Constitution or laws of the United States, have not been violated by any action of Joe Elizardi.

### SEVENTH DEFENSE

7.  Elizardi alleges as an affirmative defense that he is not liable to Plaintiff for any acts that may have been done as a peace officer of the County of Cameron. That Elizardi was at all times mentioned in Plaintiff's petition a duly qualified, appointed, and acting peace officer of

Original Answer of Joe Elizardi - Pg. 2

the County of Cameron, Texas and was, and now is a peace officer of the State of Texas, performing law enforcement duties for a governmental entity. Further, that at all times herein mentioned, Elizardi was engaged in the performance of his assigned duties as a peace officer. Moreover, Elizardi is not liable to Plaintiff for any acts that may have been performed in his individual capacity. Any action taken in his individual capacity was done with legal authority, lawfully, reasonably and in the good faith exercise of his discretionary duties, and he is immune from individual or personal prosecution in this cause. Therefore, Elizardi as a defense asserts the doctrines of qualified immunity, official immunity, good faith immunity, and governmental immunity.

### EIGHTH DEFENSE

8.   Elizardi always acted lawfully, reasonably, in good faith, without malice, and within the scope of his duties as a peace officer of the State of Texas. In this respect, Elizardi will further show as a defense that:

   a.   A public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law.

   b.   A public employee is not liable for an injury caused by the act or omission of another person.

   c.   A public employee acting in the scope of his employment is not liable for an injury caused in his official capacity.

   d.   A public employee is not liable for an injury resulting from his act or omission when the act or omission was the result of the exercise of the discretion vested in him.

Original Answer of Joe Elizardi - Pg. 3

## NINTH DEFENSE

9.  Elizardi alleges as a defense that to the extent that Plaintiff suffered any detriment, such detriment was solely caused or contributed to by Plaintiff's negligence.

## TENTH DEFENSE

10. Elizardi alleges as a defense that to the extent that Plaintiff suffered any detriment, such was not proximately caused by Elizardi.

## ELEVENTH DEFENSE

11. Plaintiff's Complaint fails to allege a violation that rises to constitutional proportions against Elizardi.

## TWELFTH DEFENSE

12. Plaintiff's Complaint fails to allege a cause of action upon which relief may be granted.

## THIRTEENTH DEFENSE

13. Plaintiff's Complaint fails to state a cause of action against Elizardi cognizable under 42 U.S.C. §1983 under the Eighth Amendment to the Constitution of the United States.

## FOURTEENTH DEFENSE

14. Elizardi states to the Court that Plaintiff's case is frivolous and groundless and that upon prevailing herein Elizardi should be entitled to attorney's fees pursuant to 42 U.S.C. §1988.

## FIFTEENTH DEFENSE

15. Elizardi reserves the right to file any and all cause actions, counterclaims or third party actions and any further affirmative defenses as it may deem proper.

**Original Answer of Joe Elizardi - Pg. 4**

WHEREFORE, PREMISES CONSIDERED, Defendant Joe Elizardi prays that upon final trial hearing hereof, that Plaintiff take nothing by his suit and that Joe Elizardi recovers all cost incurred herein and that it have such other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

LUIS V. SAENZ
CAMERON COUNTY ATTORNEY
Cameron County Courthouse
974 East Harrison Street
Brownsville, Texas 78520
Telephone: 210/544-0849

BY: _____
Dylbia L. Jefferies
Assistant County Attorney
Texas State Bar #00786515
S.D. No. 17065

## CERTIFICATE OF SERVICE

I, Dylbia L. Jefferies do hereby certify that a true and correct copy of the foregoing Original Answer of Joe Elizardi has been mailed on this the 3rd day of March, 1995 to Gustavo Almaguer at Reg. #673522, Holiday Unit, 600 IH 45, Huntsville, Texas 77340.

_____
Dylbia L. Jefferies

Original Answer of Joe Elizardi - Pg. 5