Case 1:94-cv-00328  Document 19  Filed in TXSD on 03/06/1995  Page 1 of 5

*/ 7*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED

MAR  6 1995

MICHAEL N. MILBY, CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GUSTAVO ALMAGUER | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CASE NO. B-94-328-4 |
| | § | |
| PAULINE ALONSO, RN, | § | |
| MIRNA UNIDENTIFIED, RN, | § | |
| UNIDENTIFIED CANUL, LT., AND | § | |
| JOE ELIZARDI, | § | |
| Defendants | § | |

### ORIGINAL ANSWER OF PAULINE ALONSO

TO THE HONORABLE JUDGE OF SAID COURT:

Pauline Alonso (hereafter Alonso) files this her Answer to Plaintiff's Complaint and would show as follows:

### FIRST DEFENSE

1.     Alonso admits to the following of Section V., Statement of Claim of Plaintiff's Complaint:  (a) that Plaintiff notified Oscar Garcia that he had a cast on his arm, (b) that Plaintiff's cast was taken off at the County Jail, (c) that an appointment was made to see Doctor Adobatti about his wrist, (d) that Dr. Adobatti did not want to see Plaintiff, because he was not the doctor that originally put the cast on Plaintiff's arm, and (e) that Plaintiff did see Dr. Lash about his wrist.

### SECOND DEFENSE

2.     Alonso denies the following of Section V., Statement of Claim of Plaintiff's Complaint: (a) that Alonso and Nurse Mirna were notified of Plaintiff's medical condition, (b) that the

medical staff ignored Plaintiff's complaints about the pain in his wrist and that the cast was too tight, (c) that the medical staff did not want to take Plaintiff to the hospital to take the cast off, (d) that the medical staff ignored Plaintiff's sick call slips and requests to take the cast off, (e) that the medical staff never gave Plaintiff the medication he was prescribed, (f) that the County did not want to pay for any treatment or medication, and (g) that Plaintiff was forced to make what officers call (TALACHA), which is sweeping, mopping, and scrubbing of toilets and showers.

### THIRD DEFENSE

3.      Alonso is without sufficient knowledge or information to admit or deny the balance of Section V., Statement of Claim of Plaintiff's Complaint.

### FOURTH DEFENSE

4.      Alonso denies the Prayer.

### FIFTH DEFENSE

5.      Any allegation made within any part of the Plaintiff's Complaint not otherwise specifically responded to is specifically or generally denied.  Defendant still urges and relies on matters alleged without waving any other matter asserted herein further alleges as affirmative defenses the following:

### SIXTH DEFENSE

6.      Plaintiff's rights, privileges, and immunity secured under the Constitution or laws of the United States, have not been violated by any action of Pauline Alonso.

### SEVENTH DEFENSE

7.      Alonso alleges as an affirmative defense that she is not liable to Plaintiff for any acts that may have been done as a nurse of the County of Cameron.  That Alonso was at all times

CHIPDF - www.twoio.com

mentioned in Plaintiff's petition a duly qualified, appointed, and acting nurse of the County of Cameron, Texas and was, and now is a nurse for Cameron County, performing her medical duties for a governmental entity. Further, that at all times herein mentioned, Alonso was engaged in the performance of her assigned duties as a nurse for the County Jail. Moreover, Alonso is not liable to Plaintiff for any acts that may have been performed in her individual capacity. Any action taken in her individual capacity was done with legal authority, lawfully, reasonably and in the good faith exercise of her discretionary duties, and she is immune from individual or personal prosecution in this cause. Therefore, Alonso as a defense asserts the doctrines of qualified immunity, official immunity, good faith immunity, and governmental immunity.

## EIGHTH DEFENSE

8.      Alonso always acted lawfully, reasonably, in good faith, without malice, and within the scope of her duties as a nurse for Cameron County. In this respect, Alonso will further show as a defense that:

a.      A public employee is not liable for an injury caused by the act or omission of another person.

b.      A public employee acting in the scope of her employment is not liable for an injury caused in her official capacity.

c.      A public employee is not liable for an injury resulting from her act or omission when the act or omission was the result of the exercise of the discretion vested in her.

## NINTH DEFENSE

9.      Alonso alleges as a defense that to the extent that Plaintiff suffered any detriment, such detriment was solely caused or contributed to by Plaintiff's negligence.

## TENTH DEFENSE

10.     Alonso alleges as a defense that to the extent that Plaintiff suffered any detriment, such was not proximately caused by Alonso.

## ELEVENTH DEFENSE

11.     Plaintiff's Complaint fails to allege a violation that rises to constitutional proportions against Alonso.

## TWELFTH DEFENSE

12.     Plaintiff's Complaint fails to allege a cause of action upon which relief may be granted.

## THIRTEENTH DEFENSE

13.     Plaintiff's Complaint fails to state a cause of action against Alonso cognizable under 42 U.S.C. §1983 under the Eighth Amendment to the Constitution of the United States.

## FOURTEENTH DEFENSE

14.     Alonso states to the Court that Plaintiff's case is frivolous and groundless and that upon prevailing herein Alonso should be entitled to attorney's fees pursuant to 42 U.S.C. §1988.

## FIFTEENTH DEFENSE

15.     Alonso reserves the right to file any and all cause actions, counterclaims or third party actions and any further affirmative defenses as it may deem proper.


        WHEREFORE, PREMISES CONSIDERED, Defendant Pauline Alonso prays that upon final trial hearing hereof, that Plaintiff take nothing by his suit and that Pauline Alonso recovers all cost incurred herein and that it have such other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

LUIS V. SAENZ
CAMERON COUNTY ATTORNEY
Cameron County Courthouse
974 East Harrison Street
Brownsville, Texas  78520
Telephone:  210/544-0849

BY: _____
    Dylbia L. Jefferies
    Assistant County Attorney
    Texas State Bar #00786515
    S.D. No. 17065

## CERTIFICATE OF SERVICE

I, Dylbia L. Jefferies do hereby certify that a true and correct copy of the foregoing

Original Answer of Pauline Alonso has been mailed on this the 6th day of March, 1995 to

Gustavo Almaguer, Reg. #673522, Holiday Unit, 600 IH 45, Huntsville, Texas 77340.

_____
Dylbia L. Jefferies