UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 2 5 1995

Michael N. Milby, Clerk

| | |
|---|---|
| GUSTAVO ALMAGUER § | |
| Plaintiff, § | |
| § | |
| V. § | CASE NO. B-94-328-4 |
| § | |
| PAULINE ALONSO, RN, § | |
| MIRNA UNIDENTIFIED, RN, § | |
| UNIDENTIFIED CANUL, LT., AND § | |
| JOE ELIZARDI, § | |
| Defendants § | |

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OF
DEFENDANTS MIRNA CASTILLO AND JUAN CANUL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants Mirna Castillo (hereinafter Castillo) and Juan Canul (hereinafter Canul), individually and officially, and file this their brief in support of their Rule 12(b)(6) Motion to Dismiss, as follows:

**STANDARD APPLICABLE FOR RULE 12(b)(6) MOTION TO DISMISS:** Plaintiff has failed to allege a cause of action against Castillo or Canul for a constitutional deprivation or for negligence. (*A fortiori,* Plaintiff has failed to allege with sufficient particularity facts to overcome qualified immunity as to Defendants Castillo and Canul -- argued *infra.*) In *Cinel v. Connick,* 15 F.3d 1338, 1341 (5th Cir. 1995) the Court set out the standard for review on appeal:

> "We review a Rule 12(b)(6) dismissal de novo. We must accept all well - pleaded facts as true, and we view them in the light most favorable to the plaintiff. We may not look beyond the pleadings. A dismissal will not be affirmed if the allegations support relief on any possible theory. *McCartney v. First City Bank,* 970 F.2d 45, 47(5th Cir. 1992)."

1

This is a "*de novo*" standard applied by the Firth Circuit, and, therefore, the same standard applied by the District Courts. See for instance, *Bonton v. Archer Chrysler Plymouth, Inc.*, ___ F.Supp. ___, 1995 U.S. Dist.Lexis 8443 (S.D. of Texas, 1995).

**CASTILLO:** As to Defendant Mirna Castillo there are no factual allegations supporting relief on any possible theory. First, assuming the factual allegations in the Original Complaint establish a cause of action against anybody, which is not admitted by Defendants Castillo or Canul, there are no factual allegations of omission or commission by Defendant Castillo. The only allegations in the Original Petition concerning Defendant Castillo are that she was part of the medical staff at the Cameron County Jail and that she was notified that Plaintiff had a cast on his wrist. There is no mention of Castillo being deliberately indifferent to Plaintiff's serious medical needs.

**CANUL:** As to Defendant Juan Canul the same situation exist as with Defendant Castillo. No factual allegations are made supporting relief on any possible theory. The only times Defendant Canul is mentioned is when Plaintiff states that he sent medical request slips to Defendant Canul about the cast on his wrist and about his wrist not being healed properly.

**STANDARD FOR PLEADING A SECTION 1983 CASE -- HEIGHTENED PLEADING -- QUALIFIED IMMUNITY:** In *Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985) the Court set out the heightened pleading standard in cases against government officials involving the likely defense of immunity. In *Leatherman v. Tarrant County Narcotics Intelligence Coordination Unit*, 507 U.S. ___, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) the Supreme Court overruled the application of the heightened pleading standard to municipalities, but refrained from reaching the issue of the application of the heightened pleading standard to individual government

officials. Subsequently, a panel of the Fifth Circuit in *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994) reaffirmed the heightened pleading standard of *Elliott v. Perez* stating: "...[W]e decline to read into Leatherman any change in the law respecting actions against individual municipal defendants and conclude that we are still bound by Elliott and its progeny in determining whether Babb [Plaintiff] stated a claim against Dorman [Defendant]"

More recently, the Fifth Circuit setting en banc revisited *Elliott* in *Schultea v Wood*, 47 F.3d 1427 (5th Cir. 1995). In *Schultea* the Court changed its reliance to Rule 7(a) of the Federal Rules of Civil Procedure, and at page 1427 stated:

> "Our answer to Leatherman is that the district court has an array of procedures that will carry the load as far as pleading can. First, the district court must insist that a plaintiff suing a public official under Section 1983 file a short and plain statement of his complaint, a statement that rests on more than conclusions alone. Second, the court may, in its discretion, insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity...."

Under the first procedure outlined above the Plaintiff has failed to allege "...a statement that rests on more than conclusions." Plaintiff has alleged in his Original Complaint only that Defendant Castillo was one of the Jail Infirmary Staff members that he told about his cast. Defendant Castillo is not mentioned again in Plaintiff's Original Complaint. As for Defendant Canul, Plaintiff mentions his name twice in his Original Complaint. Both times, Plaintiff is alleging that he sent medical requests slips to Defendant Canul and other officers about taking the cast off his wrist and then later about his wrist not being healed correctly. Again, like Defendant Castillo, those are the only times that Defendant Canul's name is mentioned in Plaintiff's Original Complaint. There are no facts alleged in the Original Complaint that taken as true would rise to the level of deliberate indifference on the part of either Defendants Castillo or Canul.

3

The Court went on to state in *Schultea* at page 1427: "We do not abandon the insistence in Elliott v. Perez that a complaint must do more than allege conclusions. Rather, we embrace it, retaining the practical core of the writing of both Judge Brown and the concurring opinion."

This case as to Defendants Mirna Castillo and Juan Canul should be dismissed. Clearly, the requirement that a complaint must do more than allege conclusions to overcome individual immunities is still the appropriate standard under *Elliott, Babb, and Schultea*. Plaintiff has not done so.

WHEREFORE, Defendants Castillo and Canul pray this Court enter an order dismissing this action as to these Defendants with prejudice to the refiling of the same and for such other and further relief to which Defendants may be entitled.

Respectfully submitted,

LUIS V. SAENZ
CAMERON COUNTY ATTORNEY
Cameron County Courthouse
974 E. Harrison Street
Brownsville, Texas 78520
Telephone: 210/544-0849
Fax: 210/544-0869

BY: _____
Dylbia L. Jefferies
Assistant County Attorney
Texas State Bar No. 00786516
Federal I.D. 17065
Attorney for Defendants Mirna Castillo and Juan Canul

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Memorandum was mailed certified mail, return receipt requested on the <u>25th</u> day of October, 1995, to:

Gustavo Almaguer
Inmate #673522
Hightower Unit
Rt. 3 Box 9800
Dayton, Texas 77535-9304

*Dylbia L. Jefferies* (signature)
Dylbia L. Jefferies

5