42

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | |
|---|---|
| GUSTAVO ALMAGUER, | ) CIVIL ACTION NO. B-94-328 |
| Plaintiff, | )<br>) PLAINTIFF'S SECOND AMENDED<br>) COMPLAINT |
| vs. | )<br>) |
| SHERIFF ALEX F. PEREZ, THE | )<br>) |
| COMMISSSIONERS' COURT OF | ) |
| CAMERON COUNTY AND CAMERON | )<br>) |
| COUNTY, | )<br>) |
| Defendants | |

United States District Court
Southern District of Texas
FILED

MAY 0 7 2001

Michael N. Milby
Clerk of Court

**TO THE ON HONORABLE JUDGE OF SAID COURT:**

Now comes the Plaintiff, Gustavo Almaguer, and with leave of

Court files this his Second Amended Complaint, showing:

<u>**JURISDICTION**</u>

1.   This is a civil rights action under 42 U.S.C. §1983. This

Court has jurisdiction over this case under 28 U.S.C. § 1343.

The Plaintiff also invokes this Court's pendant jurisdiction.

<u>**PARTIES**</u>

2.   The Plaintiff is a resident of Fresnillo, Zacatecas,

Mexico.  At the time of the events giving rise to this claim,

the Plaintiff was incarcerated in Cameron County in the Cameron

County Jail and Detention Center, Brownsville, Texas.

2D AMENDED COMPLAINT - 1

ClibPDF - www.fastio.com

3.    At the time of the events giving rise to this claim, the Defendant, Alex F. Perez, was sheriff of Cameron County, Texas. He is being sued in his official capacities pursuant to Fed.R.Civ.P. Rule 25 (d)(1). This Defendant has been served and has made his appearance before this court in this case.

4.    The Commissioners Court of Cameron County is being sued in its official capacity, pursuant to 28 U.S.C. §1915(c). This Defendant has been served and has made his appearance before this court in this case.  The individuals on the commissioners' court at the time were 1) Lucino Rosenbaum, Jr., 2) Carlos H. Cascos, 3) James R. Martinez, 4) Hector Peña.

5.    The Defendant, Cameron County, is the local government unit responsible for the establishment and operation of the Cameron County jail facilities, including the County Jail and Detention Center. This Defendant has been served and has made his appearance before this court in this case.


6.    All of these defendants are being sued for having violated the Plaintiff's federal constitutional rights while acting under color of state authority.  These violations  were a result both of the conditions under which the Plaintiff suffered his confinement in the custody of Cameron County and also as a result of particular acts and omissions that were part of a

general policy and custom in the operations of custodial
facilities managed by Cameron County.

**FACTUAL ALLEGATIONS**

7.    During 1993 the Plaintiff was hospitalized due to an
accident injuring his right arm. After he had been released from
the hospital, on or about March 14, 1993, the Plaintiff was
arrested by Brownsville police officers and jailed in the
Cameron County jail.  At the time he had a cast on his right
arm.

8.    From the March of 1993 through July 1994 the Plaintiff was
incarcerated at either the Cameron County Jail or the Cameron
County Detention Center.  While incarcerated the Plaintiff
informed County employees, including jailers, other County law-
enforcement officers, and medical staff of problems he was
experiencing with the injured arm.  Before being arrested he had
been told by treating physicians that he would need follow-up
care for the injured arm.  While in jail Mr. Almaguer gave
written notice of this instruction from treating doctors, and
that he was having severe pain in the injured arm.  The cast was
also causing pain.  His requests for medical attention were
ignored, even after the cast had been on his arm for over a
month and a half.

9.    The cast was finally removed by medical staff at the
Cameron County Jail Infirmary.  With the cast off it was

ClibPDF - www.fastio.com

apparent that the arm had not healed properly.  It was fixed at an unnatural angle.  The Plaintiff was still experiencing extreme pain.  The arm could not be used for any normal activities, particularly any labor.

10.  The Plaintiff was finally presented to a doctor who insisted that the medical staff at the jail take the Plaintiff to the doctor who had set his arm and built the cast.  When this was done, the doctor who had set the arm and applied the cast recommended ongoing treatment, a part of which was the administering of prescription medications.  However, the Defendants, their agents and employees, denied the Plaintiff the prescribed treatment and medication. Because of the behavior of these Defendants, the Plaintiff now has a permanently deformed and disabled right arm.

11.  During his incarceration and at a time when he was obviously disabled and in pain, the Plaintiff was forced to sleep on the floor, to eat on the floor, and to attempt labor assigned to him by agents or employees of the Defendants, for which he was clearly unfit. These conditions exacerbated his injuries.

## PLAINTIFF'S CAUSE OF ACTION

12.  The Defendants, their agents and employees, cloaking themselves under color of state authority, did the acts and omissions complained of above.  The conditions under which the

2D AMENDED COMPLAINT - 4

ClibPDF - www.fastio.com

Plaintiff suffered his incarceration were not reasonably related to any legitimate, non-punitive governmental objective.  Being forced to exist in an overcrowded space, to sleep on the floor, to eat on the floor, to remain in obvious need of medical care but getting none, was a condition of confinement common in the detention facilities operated by the Defendants during the time that the Plaintiff was in their custody.  This condition exhibited a deliberate indifference to the federal constitutional rights of persons situated such as was the Plaintiff at that time.

13.   Additionally, the Defendants, their agents and employees, acted with a deliberate indifference to the Plaintiff's Constitutional Rights.  This behavior was so prevalent at the facilities complained of herein, and so continually apparent to those whose authority  could change it that one can only reasonably conclude that the behavior had become a custom or policy adopted by the Defendants regarding the operation of the detention facilities for which they were responsible.

14.   Consequently, the Plaintiff's rights afforded under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution were violated. The Defendants denied the Plaintiff Constitutionally guaranteed Due Process and protection from Cruel and Unusual Punishment.

2D AMENDED COMPLAINT - 5

## **PRAYER**

15. The Defendants' behavior is a proximate and/or producing cause, and a cause in fact of injuries to the Plaintiff, including but not limited to:

- Physical pain suffered in the past and likely to be suffered in the future;

- Mental anguish suffered in the past and likely to be suffered in the future;

- Physical impairment suffered in the past and likely to be suffered in the future;

- Disfigurement suffered in the past and likely to be suffered in the future;

- Lost earnings and lost earning capacity

- Future medical Expenses for treatment of the right arm.

16. The Plaintiff prays that this case be set for trial, and that upon hearing the Plaintiff be awarded all damages to which he may be entitled, in excess of the jurisdictional limits of this Court, at law or equity, whether specifically set out or otherwise.


Respectfully submitted,

LAW OFFICE OF ABNER BURNETT
316 NORTH TEXAS AVENUE
ODESSA, TX 79761
915-333-3537


2D AMENDED COMPLAINT - 6

915-333-3761 FAX

BY: _____

ABNER BURNETT
STATE BAR NO. 03425770
APPLICANT ATTORNEY IN
CHARGE FOR Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and
foregoing Application for Appearance Pro Hac Vice was on this
the First Day of May, 2001 forwarded to Dylbia Lee Jefferies,
Assistant County Attorney, Camaron County Courthouse, 974 E.
Harrison, 2d Floor, Brownsville, TX 78520, according to the
Federal Rules of Civil Procedure.

_____
ABNER BURNETT

2D AMENDED COMPLAINT - 7

ClibPDF - www.fastio.com