43

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 4 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GUSTAVO ALMAGUER, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CASE NO. B-94-328-4 |
| | § | |
| SHERIFF ALEX F. PEREZ, THE | § | |
| COMMISSIONERS COURT OF | § | |
| CAMERON COUNTY AND CAMERON | § | |
| COUNTY, | § | |
| Defendants | § | |

## ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Cameron County (including Sheriff Alex F. Perez, in his official capacity, and the Commissioners Court of Cameron County, in their official capacities) files this its Answer to Plaintiff's Second Amended Complaint and would show as follows:

1. Cameron County admits Paragraph No. 1.

2. Cameron County is without knowledge or information sufficient to form a belief as to the truth that Plaintiff resides in Fresnillo, Zacatecas, Mexico. Cameron County admits that Plaintiff was incarcerated at the Cameron County Jail (including Detention Centers) from March 14, 1993 until July 9, 1994.

3. Cameron County admits that Alex F. Perez was sheriff of Cameron County during Plaintiff's incarceration at the Cameron County Jail. County admits the remainder of Paragraph No. 3.

Answer to Plaintiff's Second Amended Complaint - 1

4. Cameron County admits that the individuals on the Cameron County Commissioners Court during the year 1993 were Lucino Rosenbaum, Carlos Cascos, James Matz, and Natividad Valencia. Cameron County admits the remainder of Paragraph No. 4.

5. Cameron County admits Paragraph No. 5.

6. Cameron County admits that Defendants acted under color of state authority and denies the remainder of Paragraph No. 6.

7. Cameron County admits Paragraph No. 7.

8. Cameron County admits that Plaintiff was incarcerated in the Cameron County Jail from March 14, 1993 until July 7, 1994. Cameron County admits that Plaintiff informed the Cameron County infirmary that he was having pain in his right arm and that he requested medical attention for his right arm. Cameron County is without knowledge or information sufficient to form a belief as to the truth of whether prior to being arrested by Brownsville Police, Plaintiff had been told by treating physicians that he would need follow-up care for his injured arm and whether Plaintiff's cast was causing him pain. Cameron County denies the remainder of Paragraph No. 8.

9. Cameron County admits that Plaintiff's cast was removed on May 17, 1993. Cameron County is without knowledge or information sufficient to form a belief as to the truth as to the remainder of Paragraph No. 9.

10. Cameron County admits that Plaintiff was taken to see Dr. Adobbatti and that Dr. Adobbatti did not see Plaintiff, because he was not the doctor who had originally put the cast on Plaintiff. Cameron County admits that Plaintiff was then taken to Dr. Lash, the doctor who had originally put the cast on Plaintiff. Cameron County admits that Dr. Lash prescribed

Answer to Plaintiff's Second Amended Complaint - 2

pain medication for Plaintiff. Cameron County denies the remainder of Paragraph No. 10.

11. Cameron County denies Paragraph No. 11.

12. Cameron County admits that the Cameron County Jail at the time of Plaintiff's incarceration was overcrowded. Cameron County denies the remainder of Paragraph No. 12.

13. Cameron County denies Paragraph No. 13.

14. Cameron County denies Paragraph No. 14.

15. Cameron County denies the Prayer.

16. Plaintiff's rights, privileges, and immunity secured under the Constitution or laws of the United States, have not been violated by any action of Cameron County.

17. The conduct complained of in Plaintiff's Complaint was not the official policy or custom of Cameron County; therefore, Cameron County is immune from liability under 42 U.S.C. Section 1983, et seq.

18. Plaintiff cannot recover directly or indirectly from Cameron County because of the Doctrine of Sovereign Immunity.

19. Plaintiff's Complaint fails to allege a violation that rises to constitutional proportions against Cameron County.

20. Plaintiff's Complaint fails to allege a cause of action upon which relief may be granted.

21. Cameron County reserves the right to file any and all cause actions, counterclaims or third party actions and any further affirmative defenses as it may deem proper.

WHEREFORE, PREMISES CONSIDERED, Defendant Cameron County prays that upon final trial hearing hereof, that Plaintiff take nothing by his suit and that Cameron County recovers all cost incurred herein and that it have such other and further relief, at law or in equity, to which it

Answer to Plaintiff's Second Amended Complaint - 3

may show itself justly entitled.

                                 Respectfully submitted,

                                   CIVIL LEGAL DEPARTMENT
                                   COMMISSIONERS COURT
                                   964 East Harrison Street
                                   Brownsville, Texas  78520
                                   Telephone:  210/550-1345
                                   Facsimile: 210/550-1348

                               BY: _____
                                   Dylbia L. Jefferies Vega
                                   Attorney of Record
                                   Texas State Bar #00786516

                                 Of Counsel
                                 Richard O. Burst
                                 Texas State Bar #00785586

## CERTIFICATE OF SERVICE

I, Dylbia L. Jefferies Vega, do hereby certify that on this **24th** day of May, 2001, a true and correct copy of Defendant Cameron County's Answer has been mailed to: Abner Burnett, 316 North Texas Avenue, Odessa, Texas 79761.

                                 _____
                                 Dylbia L. Jefferies Vega

Answer to Plaintiff's Second Amended Complaint - 4